IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:17-MJ-36-BB(1) |
| | § | |
| BILLY GLENN IVY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The United States of America (the "government") moves pursuant to 18 U.S.C. § 3145(a)(1) to revoke the magistrate judge's order releasing defendant Billy Glenn Ivy ("Ivy") on conditions while he awaits indictment and trial. Following *de novo* review of the evidence presented at the detention hearing conducted by the magistrate judge,[1] and for the reasons that follow, the court denies the government's motion and orders that Ivy be released on the conditions set by the magistrate judge at the conclusion of the hearing.

I

Ivy is accused in a criminal complaint of committing the offense of possession of an unregistered firearm and possession of a firearm unidentified by a serial number, in violation

---

[1]"In reviewing a magistrate judge's order of pretrial release, the district court acts *de novo* and makes an independent determination of whether release is proper." *United States v. Arias*, 119 F.3d 2 (5th Cir. 1997) (citing *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992); 18 U.S.C. § 3145(a)(1)). The court's review of the record developed before the magistrate judge is an appropriate procedure to comply with that obligation. *See, e.g., United States v. Farguson*, 721 F. Supp. 128, 129 n.1 (N.D. Tex. 1989) (Fitzwater, J.).

of 26 U.S.C. § 5861(d) and (i). Ivy appeared before Judge Averitte for a detention hearing. The government moved for pretrial detention under 18 U.S.C. § 3142(e), contending that Ivy presents a risk of flight and a risk to the safety of any other person and the community.

Following an extensive evidentiary hearing, Judge Averitte found that Ivy could be released on conditions. The court then stayed Ivy's release at the government's request so that the government could seek review of the magistrate judge's order.

II

An individual shall be released pending trial unless a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The court applies a preponderance of the evidence standard in deciding whether Ivy is a flight risk, *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) ("[T]he judicial officer making [a determination as to flight risk] should apply the simple preponderance standard."), and applies a clear and convincing evidence standard to determine whether Ivy poses a danger to the community, 18 U.S.C. § 3142(f)(2)(B) ("The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). 18 U.S.C. § 3142(g) details the factors that the court must consider when determining whether there is a condition or combination of conditions that will reasonably assure Ivy's appearance and assure the safety of any person and the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Following *de novo* review of the detention hearing, and having considered the statutory factors under § 3142(g)(1)-(4), the court finds that the government has failed under the applicable burden of proof to meet its burden to establish that no condition or combination of conditions will reasonably assure Ivy's appearance as required and the safety of any other person and the community. The court finds instead—essentially on the same reasoning that Judge Averitte followed, *see* Tr. 87-88—that the conditions that Judge Averitte specified at the conclusion of the hearing are sufficient, *see id.* at 89-93.[2]

---

[2]Judge Averitte highlighted the somewhat unusual circumstances of this case: "In the final analysis, though, . . . I don't see that the federal court can step in and . . . deny bond on a federal case that the Court wouldn't deny bond on because there are some state charges that he was able to make a bond on, that he was able to get a bond on." Tr. 87-88.

Accordingly, the government's May 8, 2017 motion for revocation of order denying government's motion for pretrial detention is denied.

**SO ORDERED**.

May 10, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE